# EXHIBIT A
# Verified Complaint

Electronically Filed
6/27/2024 3:56 PM
Steven D. Grierson
CLERK OF THE COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Marquis Aurbach**
Chad F. Clement, Esq.
Nevada Bar No. 12192
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
clement@maclaw.com
acalaway@maclaw.com
*Attorneys for Plaintiffs*

CASE NO: A-24-896359-B
Department 9

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

White Rocks (BVI) Holdings Inc., Richard Hofman, Riaz Khatri, Bob Weiss, Ed Fenne, Eric Kimmell, John Fee, John Bowen, Ryan Rang, Victor Aina, Robert Coleman, Jeff Day, Phero Nguyen, Tim Tucker, Tyler Nyhus, Andy Beymer, Amit Bhasin, Dale Greenwald, Todd Pomeroy, Heath Roach, David Murray, Brandon Fox D.C., Jonathan Brown, Terrence Brennan, George Poponas, Frank Palmeri, Fernando Padron, Gary Ball, Lumica Capital, LLC, Branden Judkins, Kristie Lee VanNoie, Lee Wills, Myla Bocage, Jeff Nielsen, Josh Marton, Edward Dresp, Kim Kepling, Drew Sheffield, Malcolm White, Cayle Sargent, Tim Sturgeon, Mike Lepore, Wanda Norgard, Jason Amerson, Gary Justak, Jorge Umpierre, Mikhail Khanukhov, Morten Büchert, Brian Getman, Roger Wallace Szelmeczka, Andrew Levin, Rondel Underdue, Michelle Brient, Jeremy Selsky, Sunil Sukhtankar, Juan Alvarado, Ralph Reuter, Ahmed Akel, Anat Sapan, Kenneth Betts, Tim Casey, Joe Wichman, Joe Bellina, Damien J.L. Bresson, Oscar Enriquez, Johnny Neang, Brad Davis, Chris Schenkel, David Webb, Gary Klopp, Johnna Alvarez, Jeff Norton, Kenneth Martin, David Fitz, Allen Rutherford, Jim Fish, Michael Shrall, Matthew Ryan Loker, Michael Aynes, Tsz Yin Yip (John), Andrew Pumphrey, Danny Blackmon, Daniel Ritz, Daniel F. Boyer, Sada Aman, Michelle Kilbane, Sean J. Lee, Tom Kohl, Steven John Martinson, Sunghee K. Poppe, Shay Maggard, Kenneth Rosen, Sascha Senften,

Case No.:
Dept. No.:

**VERIFIED COMPLAINT**

**Arbitration Exemption Requested:**
Declaratory and equitable relief requested pursuant to NAR 3(A).

**Business Court Requested**: NRS Chapters 78 and 90, and other business torts.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 1 of 28

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jon W. Kline, Kerry McConnon, Scott Provaznik, Mary Jean Brown, Stephen Glass, James Gribble, Nicole Tisdale, Chris Adams, Colby John Cormier, Jason Grote, Michael Smith, Robert Ibarra, Kevin Merriman, Cheryl Sterling, Catherine Harris, Kenneth D'Wayne Rucker, Brian Bridges, Ruben E. Castañeda, Arjan Vuktilaj, John Roberts, Matt Demo, Raja Agnani, Michael Kazmac, David Charles Dickerson, Daniel Anthony Golubek, Leonard L. Becker, Rachel McGrew, Eugenio Segovia, Kimberley Rossanese, Jennifer Ronson, Martin Jackson, Kim Marie Riches, Kevin Spigelmyer, Madeleine Elle Pomeroy, Isabella Lauren Pomeroy, Sophia Kathryn Pomeroy, Kenneth Eng, SilverBirch Hardwood Flooring Inc., Kirk Finnis, Brian Rider, Conrad Gumbs, Mark Patrick Leon Waslen, Angela Hamilton, Oscar Herrera, Terrence Shanklin, Michael Quatrone, Scott Lonergan, Peter Boshra, Steven Rondell Cromer, Clifford Sage, Noorez Lalani, Scott Przybylinski, Tom Donahue, Laura Roberts, Mike Ciccarone, Ramiro Garcia, Richard Samya, Jeff Whiteside, Dewey Bryson, Hero Tran, Douglas Beman, Brad Trimble, Tommy Wang, AI Commerce Group, LLC, Andrew David Brewer, Bryce Barros, Lawrence Vincent Demena, Eddie Ka Hao Ngai, Freddy Perez, Domenic Pantaleo, Julian Vargas, Steven Daniel Knackmuhs, Lynne A George, Matt Duve, Chris Rhodes, Gary Don Blackledge, Uk Sun, Bryan Naraky, Dean Patrick Jacklitch, Mark Raidt, Tim Harmon, Brian Keith Mays, Ramon Martinez, Andrew Jay Groneman, Glen Shaw, Robert Todd Sickinger, Renée Morris, Ricky Dennis, Stefano V. Fasulo, Robert Cooling, Angel Antonio Chapa, Don Delach, Shane Jermaine Waite, Melgene Tubal, Randy Yousif, Richard Fox, Lewis Frederick Knapp III, Donna Indar, Steven Baker Perry, Malcolm Gilchrist, David Benavidez, Anthony Tomoso, Jon Copeland, Michelle Gilster, Seifollah Mojab, James David Ogg, Nour Bachrouche, Josh Brulotte, James Spelock, William Hellmuth, Veronica Andalis, Shen Limei, Joseph Kalina, Bradley Tate, Henrich Bari, and Anthony Auletta,

Plaintiffs,

MAC:17683-002  5511351_4

vs.

David Reichman, Kathy M. Griffin, Frank Benintendo, Donald Gilbert, Does I through X, inclusive, and Roe Corporations I through X, inclusive,

                              Defendants,

Global Tech Industries Inc.,

                              Nominal Defendant.

Plaintiffs White Rocks (BVI) Holdings Inc., Richard Hofman ("Hofman"), Riaz Khatri, Bob Weiss, Ed Fenne, Eric Kimmell, John Fee, John Bowen, Ryan Rang, Victor Aina, Robert Coleman, Jeff Day, Phero Nguyen, Tim Tucker, Tyler Nyhus, Andy Beymer, Amit Bhasin, Dale Greenwald, Todd Pomeroy, Heath Roach, David Murray, Brandon Fox D.C., Jonathan Brown, Terrence Brennan, George Poponas, Frank Palmeri, Fernando Padron, Gary Ball, Lumica Capital, LLC, Branden Judkins, Kristie Lee VanNoie, Lee Wills, Myla Bocage, Jeff Nielsen, Josh Marton, Edward Dresp, Kim Kepling, Drew Sheffield, Malcolm White, Cayle Sargent, Tim Sturgeon, Mike Lepore, Wanda Norgard, Jason Amerson, Gary Justak, Jorge Umpierre, Mikhail Khanukhov, Morten Büchert, Brian Getman, Roger Wallace Szelmeczka, Andrew Levin, Rondel Underdue, Michelle Brient, Jeremy Selsky, Sunil Sukhtankar, Juan Alvarado, Ralph Reuter, Ahmed Akel, Anat Sapan, Kenneth Betts, Tim Casey, Joe Wichman, Joe Bellina, Damien J.L. Bresson, Oscar Enriquez, Johnny Neang, Brad Davis, Chris Schenkel, David Webb, Gary Klopp, Johnna Alvarez, Jeff Norton, Kenneth Martin, David Fitz, Allen Rutherford, Jim Fish, Michael Shrall, Matthew Ryan Loker, Michael Aynes, Tsz Yin Yip (John), Andrew Pumphrey, Danny Blackmon, Daniel Ritz, Daniel F. Boyer, Sada Aman, Michelle Kilbane, Sean J. Lee, Tom Kohl, Steven John Martinson, Sunghee K. Poppe, Shay Maggard, Kenneth Rosen, Sascha Senften, Jon W. Kline, Kerry McConnon, Scott Provaznik, Mary Jean Brown, Stephen Glass, James Gribble, Nicole Tisdale, Chris Adams, Colby John Cormier, Jason Grote, Michael Smith, Robert Ibarra, Kevin Merriman, Cheryl Sterling, Catherine Harris, Kenneth D'Wayne Rucker, Brian Bridges, Ruben E. Castañeda, Arjan Vuktilaj, John Roberts, Matt Demo, Raja Agnani, Michael Kazmac, David

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Exhibit A - Verified Complaint - Page 4

Charles Dickerson, Daniel Anthony Golubek, Leonard L. Becker, Rachel McGrew, Eugenio Segovia, Kimberley Rossanese, Jennifer Ronson, Martin Jackson, Kim Marie Riches, Kevin Spigelmyer, Madeleine Elle Pomeroy, Isabella Lauren Pomeroy, Sophia Kathryn Pomeroy, Kenneth Eng, SilverBirch Hardwood Flooring Inc., Kirk Finnis, Brian Rider, Conrad Gumbs, Mark Patrick Leon Waslen, Angela Hamilton, Oscar Herrera, Terrence Shanklin, Michael Quatrone, Scott Lonergan, Peter Boshra, Steven Rondell Cromer, Clifford Sage, Noorez Lalani, Scott Przybylinski, Tom Donahue, Laura Roberts, Mike Ciccarone, Ramiro Garcia, Richard Samya, Jeff Whiteside, Dewey Bryson, Hero Tran, Douglas Beman, Brad Trimble, Tommy Wang, AI Commerce Group, LLC, Andrew David Brewer, Bryce Barros, Lawrence Vincent Demena, Eddie Ka Hao Ngai, Freddy Perez, Domenic Pantaleo, Julian Vargas, Steven Daniel Knackmuhs, Lynne A George, Matt Duve, Chris Rhodes, Gary Don Blackledge, Uk Sun, Bryan Naraky, Dean Patrick Jacklitch, Mark Raidt, Tim Harmon, Brian Keith Mays, Ramon Martinez, Andrew Jay Groneman, Glen Shaw, Robert Todd Sickinger, Renée Morris, Ricky Dennis, Stefano V. Fasulo, Robert Cooling, Angel Antonio Chapa, Don Delach, Shane Jermaine Waite, Melgene Tubal, Randy Yousif, Richard Fox, Lewis Frederick Knapp III, Donna Indar, Steven Baker Perry, Malcolm Gilchrist, David Benavidez, Anthony Tomoso, Jon Copeland, Michelle Gilster, Seifollah Mojab, James David Ogg, Nour Bachrouche, Josh Brulotte, James Spelock, William Hellmuth, Veronica Andalis, Shen Limei, Joseph Kalina, Bradley Tate, Henrich Bari, and Anthony Auletta (collectively "Plaintiffs"), by and through their attorneys of record, the law firm of Marquis Aurbach Chtd., allege and complain as follows:

## PRELIMINARY STATEMENT

Plaintiffs are stockholders of Global Tech Industries, Inc. ("GTII" or "Company" or "Nominal Defendant"), a publicly traded Nevada corporation. Plaintiffs bring this action to hold the Company's officers and directors accountable for their ongoing fraud, self-dealing, collusion, and gross mismanagement of the Company.

For years, GTII's officers and directors have looted the Company by converting assets and issuing shares to themselves, family members, friends, affiliates, and other related parties. They have consistently engaged in undisclosed transactions to personally enrich themselves at the

MAC:17683-002  5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

expense of the Company and its stockholders. To do this, the officers and directors hired a sham auditor that allowed them to file materially false, misleading, and incomplete disclosures with the U.S. Securities and Exchange Commission ("SEC"). Tellingly, the Company was even down listed because disclosures filed by the officers and directors contained "recurring inaccuracies or concealment in disclosures related to insider transactions and beneficial ownership." Recently, the officers and directors' fraudulent scheme was further revealed when the Company's auditor was charged with falsely fabricating audit documentation by the SEC.

Now, instead of taking any corrective action, the officers and directors have completely abandoned reporting requirements under the Securities Exchange Act of 1934 ("Exchange Act"). They have not only failed to correct the Company's prior disclosures, but they have presently failed to file the Company's current disclosures, and blatantly refuse to comply with securities laws and regulations. All of this has put GTII at immediate, imminent risk of being delisted and potential regulatory action. In sum, Plaintiffs are left with no choice but to bring this action seeking recovery of their damages, as well as equitable and other relief from this Court. Specifically, Plaintiffs seek, among other things, the appointment of a receiver to take control, and take immediate corrective action for the Company.

## **PARTIES**

1.      Plaintiffs are individuals and entities conducting business in the County of Clark, State of Nevada. Plaintiffs, and each of them, are stockholders of GTII, a Nevada corporation.

2.      GTII is, and was, at all times relevant herein, a Nevada corporation authorized to conduct business in Clark County, Nevada. GTII is managed and controlled by its officers and directors, namely: defendant David Riechman ("Reichman"), defendant Kathy M. Griffin ("Griffin"), defendant Frank Benintendo ("Benintendo"), and defendant Donald Gilbert ("Gilbert") (Reichman, Griffin, Benintendo, and Gilbert are hereinafter collectively referred to as "Management").

3.      Mr. Riechman is an individual that is believed to be conducting business in the County of Clark, State of Nevada. Mr. Reichman is a member of GTII's Board of Directors, Chairman of the Board, Chief Executive Officer, Chief Financial Officer, Principal Executive

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Officer, and Principal Financial and Accounting Officer. Mr. Riechman is a member of the Board of Director's executive committee (the "Executive Committee"), which was responsible for, among other things, acting on behalf of the Board of Directors to recommend any action in the execution of its fiduciary responsibilities or duties that benefit or appear to benefit the shareholders and the Company's mission.

4.     Ms. Griffin is an individual that is believed to be conducting business in the County of Clark, State of Nevada. Ms. Griffin is a President of GTII and a member of GTII's Board of Directors. Ms. Griffin is a member of the Board of Director's Executive Committee, as well as the compensation committee (the "Compensation Committee"), which was responsible for, among other things: (a) discharging the responsibilities of the Board of Directors relating to compensation of the directors, executive officers, key employees and service providers; (b) assisting the Board of Directors in establishing appropriate incentive compensation and equity-based plans and to administer such plans; (c) overseeing the annual process of evaluation of the performance of Management; and (d) exploring any means of compensation, when appropriate, including but not limited to capital raising, and/or sale of restricted stock held by officers and directors.

5.     Mr. Benintendo is an individual that is believed to be conducting business in the County of Clark, State of Nevada. Mr. Benintendo is the Secretary of GTII and a member of its Board of Directors. Mr. Benintendo is a member of the Board of Directors Executive Committee and Compensation Committee.

6.     Mr. Gilbert is an individual that is believed to be conducting business in the County of Clark, State of Nevada. Mr. Gilbert is member of GTII's Board of Directors, its Executive Committee, Compensation Committee, and audit committee (the "Audit Committee"), which was responsible for, among other things: (a) appointing, compensating, and overseeing the work of any registered public accounting firm employed by the Company; (b) resolving any disagreements between Management and the auditor regarding financial reporting; (c) pre-approving all auditing and non-audit services; (d) retaining independent counsel, accountants, or others to advise the audit committee or assist in the conduct of an investigation; (e) meeting with officers, external auditors, or outside counsel, as necessary; and (f) overseeing that Management has established and

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

maintained processes to assure compliance with all applicable laws, regulations, and corporate policies.

7.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendants were the alter-egos of GTII, and exercised control and influence over GTII to such an extent that adherence to the entity's corporate fiction would sanction a fraud or promote injustice. Upon information and belief, Defendants made all of the decisions for GTII; Defendants and GTII commingle their funds and other assets; Defendants and GTII failed to segregate funds and diverted entity funds or assets to one another for purposes other than entity uses; Defendants have treated GTII assets as their own; GTII has failed to maintain minutes or adequate business records; GTII has been a mere instrumentality or conduit for the business of Defendants; GTII disregards legal formalities and fails to maintain arm's length relationships among related entities; Defendants have diverted assets from GTII, to the detriment of other stockholders; Defendants have failed to adequately capitalize GTII; and Defendants have contracted with GTII with an intent to use GTII's corporate form as a shield against personal liability, or for the use of the entity as a subterfuge of illegal transactions.

8.     The names and capacities, whether individuals, corporate, associate, or otherwise of Defendants named herein as Doe and Roe Corporation are unknown or not yet confirmed.  Upon information and belief, said Doe and Roe Corporation defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each Doe and Roe Corporation defendants at such time as the same has been ascertained.

## JURISDICTION AND VENUE

9.     Venue is proper in the Eighth Judicial District Court in Clark County, Nevada, pursuant to NRS 13.040 because (1) one or more of the Defendants reside in Clark County, Nevada, and are authorized to transact business, and currently transact business, within Clark County, Nevada; and (2) the obligations, acts, and omissions complained of herein were incurred, in whole or in part, within Clark County, Nevada.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Exhibit A - Verified Complaint - Page 8

10. This Court has personal jurisdiction over the Defendants, pursuant to NRS 14.065 because: (1) the Defendants are domiciled in Nevada; (2) the Defendants' activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that the Defendants are deemed present in the forum; and (3) the obligations, acts, and omissions complained of herein were incurred and committed, in whole or in part, in Nevada, and thus, Defendants have sufficient contacts with this forum such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice.

11. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada, is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

12. This action concerns NRS Chapter 78 in that it involves the fraud, collusion, and gross mismanagement of the officers and directors of a Nevada corporation. This action also concerns NRS Chapter 90 in that it involves the fraud in connection with the sale of securities. This action also concerns related claims arising from business torts, as well as the unauthorized fraudulent issuances of stock of a Nevada corporation. Thus, it is appropriate for treatment within the Eighth Judicial District Court's Business Division.

## **GENERAL ALLEGATIONS**

13. GTII is a Nevada corporation that is publicly traded on the OTC Markets Group market exchange ("OTC").[1] As a public company traded on the OTC, GTII is required to meet reporting standards under Section 13(a) or 15(d) of the Exchange Act.

14. Specifically, the SEC and OTC require companies like GTII to periodically disclose financial statements. Companies like GTII are required to file, among other things, periodic financial reports, and disclosures, such as Form 10-K and Form 10-Q reports, with the SEC. The purpose of this reporting is to keep shareholders and markets informed, and to allow investors to make informed decisions.

---

[1] OTC (formerly known as Pink Sheets) is a financial market in the United States, which provides price and liquidity information for over the counter (i.e. OTC) securities.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Exhibit A - Verified Complaint - Page 9

15.     The accuracy of GTII's financial disclosures must be certified by GTII's Chief Executive Officer and Chief Financial Officer, Mr. Reichman. GTII's financials must also be audited by an independent public accounting firm registered with the Public Company Accounting Oversight Board ("PCAOB").

### DELINQUENT REPORTING

16.     Management has grossly mismanaged the Company by (a) failing to file required disclosures, (b) causing the Company to be delinquent with the OTC and SEC, and (c) violating securities laws and regulations.

17.      On or about April 10, 2023, the OTC determined GTII's disclosures contained "***recurring inaccuracies or concealment in disclosures related to insider transactions and beneficial ownership***." (Emphasis added). As a result, the OTC unilaterally down listed the Company's stock from the "OTCQB" market to the lowest possible market, "Pink Limited Information."[2] This severely damaged the Company's stock price, reputation in the market, and reduced GTII's ability to raise capital. To date, Management has neither disclosed the reason for the down-listing nor corrected what appears to be a recurring problem with their reporting.

18.     On March 31, 2024, Management failed to file their Form 10-Q for the quarter ending March 31, 2024 (the "Delinquent Disclosure"). Management subsequently filed SEC Form 12b-25, also known as the Notification of Late Filing, wherein they represented that the company is "working to file its Quarterly Report on Form 10-Q on or before the fifth calendar day extension provided by Rule 12b-25." This provided the Company with an additional five (5) additional calendar days (i.e., May 20, 2024) to file the Delinquent Disclosure.

---

[2] The OTC has three (3) risk levels: "OTCQX" (good), "OTCQB" (fair), and "Pink" (bad). Securities traded on the "OTCQX" are highly sought after by investors, because companies on this market must meet high financial standards, follow best practice corporate governance, demonstrate compliance with U.S. securities laws. Similarly, securities traded on the "OTCQB" market are fairly sought after by investors, because companies on this market are current in their reporting and undergo an annual verification and management certification process. Securities traded on the lowest tier, the "Pink" market, are the least sought after by investors, because the companies on this market have shown non-compliance with U.S. securities laws.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17683-002 5511351_4

19.   ***To date, however, Management has still failed to file the Form 10-Q as required by the SEC and OTC. Accordingly, the OTC issued the following yield sign and warning on the Company's public profile***:



20.   In short, Management has put GTII in immediate, imminent danger of being delisted by the OTC, or worse, potential regulatory action by the SEC.[3]

21.   Mr. Hofman has made several demands on Management to, among other things, take corrective action with respect to the Company's delinquent reporting, however, Management has refused to comply with these demands.

## FRAUD AND CONCEALMENT

22.   Management has grossly mismanaged the Company by (a) filing materially false, misleading, and incomplete disclosures; and (b) intentionally omitting material information from its disclosures.

23.   To facilitate their fraud, Management utilized a sham auditor in 2023. Namely, Management retained BF Borgers CPA PC and its sole audit partner, Benjamin F. Borgers CPA, to serve as the Company's PCAOB auditor (hereinafter the "Auditor").

24.   In May 2024, the SEC charged the Auditor with ***"fabricating audit documentation" and falsely stating that its "audits complied with PCAOB standards***."

---

[3] Pink Open Market companies must still comply with the requirements of Exchange Act and make current information publicly available. Vitally, companies that fail to comply risk being completely delisted to the "Grey Market" by the OTC, where a company's security may not be traded and broker-dealers are not willing or able to publicly quote the securities.

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

(Emphasis added). And according to the SEC, the Company's Auditor is a "***sham audit mill***" that has put "***investors and markets at risk[.]***" (Emphasis added).

25.     Indeed, in 2023 alone, Management was able to make numerous false representations, as well as material omissions, regarding GTII's director/officer compensation, director independence, beneficial stock ownership, and related-party transactions.

26.     As previously alleged, in April 2023, the OTC determined GTII's disclosures contained "***recurring inaccuracies or concealment in disclosures related to insider transactions and beneficial ownership.***" (Emphasis added). And as a result, the OTC unilaterally down listed the Company's stock from the "OTCQB Venture Market" to the "Pink Limited Information" market in 2023.

27.     In the Company's Form 10-K filed on April 16, 2024, for the period ending December 31, 2023 (the "10-K"), Management falsely represented, among other things, that they (a) "have not been paid bonuses" and (b) have not received any "stock option awards[.]"

28.     Similarly, in the Company's 10-K, Management falsely represented that the total "annual compensation for years ended December 31, 2023, and 2022 to our Chief Executive Officer and our President" was as follows:

| Name and Principal Position | Year | Salary ($) | Bonus ($) | Stock Awards ($) | Option Awards ($) | Non-Equity Incentive Plan Compensation ($) | Pension Value and Non-Qualified Deferred Compensation Earnings ($) | All Other Compensation ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| David Reichman Chairman & CEO | 2023 | $600,000 | - | - | - | - | - | | $600,000 |
| Kathy M. Griffin President | 2023 | $200,000 | - | - | - | - | - | | $200,000 |
| David Reichman Chairman & CEO | 2022 | $525,000 | - | - | - | - | - | | $525,000 |
| Kathy M. Griffin President | 2022 | $117,500 | - | - | - | - | - | | $117,500 |

29.     ***In reality, Management has actually received more than $12,681,286 in undisclosed "director fees" in 2022, and another $54,691,071 in 2023***.

MAC:17683-002  5511351_4

30. Further, in the Company's 10-K, Management falsely represented that common stock beneficially owned by each of GTII's directors and officers, was as follows:

| Name of Beneficial Owner | Common Stock Beneficially Owned | |
| --- | --- | --- |
| | Shares | Percent |
| David Reichman | x | x |
| Kathy M. Griffin | x | x |
| Frank Benintendo | x | x |
| Donald Gilbert | x | x |

*31. In reality, Management has actually held more than 95,850,648 shares of common stock in 2022 and received more than 65,750,901 shares of common stock in 2023.*

32. In the Company's 10-K, Management falsely represented that "We [GTII] currently have two independent directors as that term is defined in Rule 4200 of Nasdaq's listing standards."

*33. In reality, the Company does not have independent directors, let alone independent directors that meet the Nasdaq listing standards.*

34. In the Company's 10-K, Management falsely represented, among other things, that "No executive officer, director or any member of these individuals' immediate families or any corporation or organization with whom any of these individuals is an affiliate is or has been indebted to us since the beginning of our last fiscal year."

*35. In reality, Management has authorized and approved several undisclosed transactions wherein Management, as well as their family members, friends, affiliates, and other related parties, personally benefited.*

36. Some of Management's undisclosed transactions include, without limitation: 850,000 shares issued to Mr. Riechman's personal masseuse; 5,251,683 shares issued to Justine Riechman, Mr. Reichman's daughter; 6,001,386 shares issued to Dot 8 Inc., an entity owned by Reichman's daughter; 3,025,000 shares issued personally to Gabriele Falanga, Mr. Reichman's girlfriend in Beverly Hills; 550,000 shares issued personally to Anthony Matassa, Mr. Reichman's Bentley mechanic; 2,101,550 shares issued to SF Irrevocable Trust, one of Mr. Reichman's family trusts; 2,282,850 shares issued to Anne Frances Trust, another one of Reichman's family trusts; and 21,185,503 shares issued to Hans and Rosy Epstein Memorial Committee Inc. and Epstein Memorial Charity, yet another one of Mr. Reichman's family trusts.

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

37.     In or around May 2022, Management authorized and approved a transaction with Internet Capital Online, Inc. ("ICO"), an entity owned and/or controlled by the Company's counsel, Warren R. Markowitz, Esq. ("Markowitz").[4] In this transaction, the Company transferred 10,000,000 shares to ICO without any consideration, ICO then sold the Company's shares for $2,000,000 cash, and Mr. Markowitz and Mr. Reichman pocketed the cash (hereinafter the "ICO Transaction").

38.     In or around October and November 2022, Management authorized and approved two "settlement" transactions between the Company, M. Bruk ("Bruk"), and R. Kirzhner ("Kirzhner") (collectively "BK"). In both transactions, the Company paid cash to BK, several "charitable contribution[s]" were made to Mr. Reichman's family trusts by BK, and the Company received nothing in return (hereinafter the "BK Transactions").

39.     To date, Mr. Hofman has made several demands on Management to take corrective action with respect to their fraud and concealment, but Management has refused to comply with such demands.

## SELF-DEALING, CONVERSION, AND WASTE

40.     Management has grossly mismanaged the Company by (a) personally enriching themselves at the expense of GTII and its stockholders, (b) converting Company assets, and (c) issuing shares to benefit themselves, family members, friends, affiliates, and other related parties.

41.     Under current Management, GTII has experienced significant operational deficits. In 2022, GTII reported a ***net operating loss of about $13.1 million dollars***. In 2023, GTII experienced a ***net loss of about $83 million dollars***.

42.     According to its last financial disclosure, ***GTII is insolvent***, because its total liabilities of $8.3 million dollars, far exceeded its total assets of about $1.2 million dollars. What is worse, according to its last two (2) years of financials, ***GTII has generated $0 dollars in***

---

[4] Mr. Markowitz of "The Markowitz Law Firm" is listed as the Company's Securities Counsel on GTII's OTC Market profile. While "The Markowitz Law Firm" maintains a business address at 7260 W Azure Dr Suite 140-1200, Las Vegas, NV 89130, however, Mr. Markowitz is not licensed to practice law in Nevada.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

*revenue*. Notwithstanding these abysmal financials, Management paid themselves a staggering ***$12.6 million dollars in 2022 and $54.6 million dollars in 2023***.

43.     According to GTII's disclosures, Management's business goal has been to increase shareholder value through the acquisition of companies with significant growth opportunities. Management's supposed strategy to achieve this goal is based on four principles: "(i) quality acquisitions, (ii) opportunistic industries, (iii) portfolio diversification, and (iv) conservative financing."

44.     ***In reality, however, Management's goal has been to personally enrich themselves and related parties at the expense of GTII and its stockholders. Again, despite generating $0 in revenue in 2022 and 2023, the Company paid Management more than $12,681,286 in 2022 and another $54,691,071 in 2023.***

45.     Management has failed to account for approximately $4.3 million dollars of Company funds in 2023. The Company obtained approximately $3.2 million in proceeds from the sale of warrants, and its cash position for 2022 was $3,320,164 dollars. But by the end of 2023, the Company's cash reserves had plummeted to $1,238,564 dollars. Management reports to have used all of this cash in Company operations, but they also report no revenue, no ongoing operations, and no completed acquisitions in 2023. In other words, Management has spent approximately $4.3 million dollars in Company funds with nothing to show for it.

46.     Rather than use Company funds to benefit the Company, its stockholders, or pursue the Company's stated business goals, Management has diverted the funds to benefit themselves, family members, friends, affiliates, and other related parties. Plaintiffs are informed and believe, and thereon allege, that this approximately $4.3 million dollars, which remains wholly unaccounted for, has been stolen by Management.

47.     As previously alleged, Management approved and authorized a litany of insider and related party stock issuances to benefit themselves, their friends, their family, and other related parties.  Indeed, on just January 25, 2023, ***Management authorized the issuance of approximately 65,750,901 common shares valued at $98,626,351*** (collectively the "January 2023 Issuances").

MAC:17683-002  5511351_4

48.     As previously alleged, Management approved and authorized millions of issuances to Mr. Reichman's personal masseuse, his daughter, his family trusts, his girlfriend in Beverly Hills, and his Bentley mechanic. As previously alleged, Management also negotiated and approved the ICO Transaction and Bruk/Kirzhner Transactions.

49.     Mr. Hofman has made several demands on Management to, among other things, return the Company assets converted through self-dealing and related party transactions. To date, however, Management has refused to comply with these demands.

50.     On or about June 11, 2024, Management announced their cancellation of 36,460,714 shares that had previously been issued as part of the January 2023 Issuances (the "Cancelled Shares"). Management even admitted in the same announcement that the January 2023 Issuances had been "***erroneously and inadvertently***" issued. (Emphasis added).

51.     However, these Cancelled Shares still only comprise approximately half of the January 2023 Issuances, do not account for all of the shares wrongfully issued to Management's family members, friends, trusts, and other related parties, and do not account for the cash diverted by Management. In other words, Management's recent share cancellation was nothing more than a post hoc attempt to cover up their ongoing mismanagement, fraud, self-dealing, conversion, and waste.

52.     To date, Mr. Hofman has made several demands on Management to take corrective action, and to return the Company assets converted through self-dealing and related party transactions, but Management has refused to comply with these demands.

## DERIVATIVE ALLEGATIONS

53.     At all times herein mentioned, and at the time of the actions complained of herein, Plaintiffs were, and are now, stockholders of GTII.  Plaintiffs are informed and believe, and thereon allege, that Management, at all times herein mentioned, and at the time of the actions complained of herein, were, and are now, the officers and directors of GTII.  Plaintiffs are informed and believe, and thereon allege, that Management, at all times herein mentioned, and at the time of the actions complained of herein, were, and are now, in control of the operations at GTII.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

54.     From February 6, 2024, to present, Mr. Hofman made several demands on Management to take corrective action, including without limitation, demands to: (a) bring the Company back into compliance with required disclosures, (b) prepare and file the Delinquent Disclosure, (c) return the Company assets they have converted through self-dealing and related party transactions, and (d) stop all wrongful conduct described herein. Notwithstanding these demands, Management refused to take corrective action.

55.     Alternatively, any effort to secure action from Management in prosecuting this action is futile. Management, on behalf of themselves, are not disinterested in that Plaintiffs' allegations are directed against them personally. Indeed, Management was not disinterested in the transactions they approved and authorized on behalf of GTII, and Management could not consider the demands for corrective action impartially. Due to Management's misrepresentations and deceit conducted on behalf of themselves and GTII, Management was wrongfully managing and controlling GTII. Therefore, any demand to Management and/or GTII to investigate the allegations herein would have failed.

56.     Plaintiffs fairly and adequately represent the interests of stockholders similarly situated in enforcing the right of GTII because: (1) Plaintiffs are true parties in interest; (2) Plaintiffs are familiarity and knowledgeable with the litigation; (3) Plaintiffs are not controlled exercised by their attorneys in the litigation; (4) there is a high degree of support given that Plaintiffs hold more than 10% of the issued and outstanding stock; (5) Plaintiffs have demonstrated their commitment to the action; (6) Plaintiffs seek derivative remedies; (7) Plaintiffs' interests are not personal as compared to their interests in the derivative action itself; and (8) Plaintiffs are not vindictive toward the Defendants.

57.     At all times relevant herein, (a) Management's decisions were not protected by the business judgment rule because their decisions on behalf of the GTII were the product of fraud and/or self-interest, and they failed to exercise due care in reaching their decisions; and (b) Management's conduct constituted breaches of fiduciary duty involving intentional misconduct, fraud, and/or a knowing violation of law.

MAC:17683-002  5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

58.     Plaintiffs therefore sue on behalf of Nominal Defendant, GTII. If Plaintiffs are successful in this action, a substantial benefit will result to GTII, on whose behalf this action is prosecuted, and Plaintiffs are entitled to their attorneys' fees incurred herein, in an amount to be determined at trial.

### FIRST CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

59.     Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

60.     As officers and directors of GTII, Management owed Plaintiffs and the Company fiduciary duties, including without limitation, the duty of loyalty, duty of care, and duty to exercise their respective powers in good faith and with a view to the interests of the Company.

61.     Management has breached their fiduciary duties by, among other things: failing to file required disclosures; causing the company to be delinquent with the OTC and SEC; causing the company to violate its reporting required under the exchange act, and other securities laws and regulations; filing materially false, misleading, and incomplete disclosures; intentionally omitting material information from GTII disclosures; enriching themselves at the expense of GTII and its stockholders; converting company assets; and issuing shares to themselves, family members, friends, affiliates, and other related parties.

62.     As a result of Management's conduct, Plaintiffs and GTII have sustained damages in excess of $15,000, and in an amount to be determined at trial.

63.     As previously alleged, (a) Management's decisions were not protected by the business judgment rule because their decisions on behalf of the GTII were the product of fraud and/or self-interest, and they failed to exercise due care in reaching their decisions; and (b) Management's conduct constituted breaches of fiduciary duty involving intentional misconduct, fraud, and/or a knowing violation of law.

64.     As a direct and proximate result of the Management's breaches of fiduciary duty, which are characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

65.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## SECOND CLAIM FOR RELIEF

### (Fraud)

66.     Plaintiffs repeat and reallege the preceding paragraphs as though fully stated herein.

67.     Management has made materially false representations regarding, among other things, their past and existing: insider transactions; beneficial ownership; compensation; director independence; stock ownership; related-party transactions; business goals; business strategies; financials; and compliance.

68.     At the time of making these representations, Management knew their representations were false and misleading, or they lacked sufficient basis of information to make the representations.

69.     Management intended to induce Plaintiffs, among others, to act in reliance on their representations, and Plaintiffs have justifiably relied upon Management's representations.

70.     As a direct result of Management's conduct, Plaintiffs and GTII have sustained damages in an amount to be proven at trial but in any event in excess of $15,000.

71.     As a direct and proximate result of the Management's fraud, which are characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

72.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## THIRD CLAIM FOR RELIEF

### (Fraudulent Concealment)

73.     Plaintiffs repeat and reallege the preceding paragraphs as though fully stated herein.

74.     Management has concealed or suppressed material facts regarding, among other things, their past and existing: insider transactions; beneficial ownership; compensation; director

MAC:17683-002  5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

independence; stock ownership; related-party transactions; business goals; business strategies; financials; and compliance.

75.     Management owed a duty to disclose these aforementioned facts to Plaintiffs, but instead, intentionally concealed or suppressed these facts with the intent to defraud the Plaintiffs. That is, Management concealed or suppressed the facts for the purpose of inducing Plaintiffs to act differently than they would have if they knew the true facts.

76.     Plaintiffs were unaware of the true facts and would not have acted as they did if they had known of the true facts concealed or suppressed by Management.

77.      As a direct result of Management's conduct, Plaintiffs and GTII have sustained damages in an amount to be proven at trial but in any event in excess of $15,000.

78.     As a direct and proximate result of the Management's fraud, which are characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

79.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## FOURTH CLAIM FOR RELIEF

### (Violations of Nevada Securities Act)

80.     Plaintiffs repeat and reallege the preceding paragraphs as though fully stated herein.

81.     NRS 90.570 provides that, in connection with the offer to sell, sale, offer to purchase or purchase of a security, a person shall not, directly or indirectly: (a) employ any device, scheme or artifice to defraud; (b) make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they are made; or (c) engage in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

82.     In connection with Plaintiffs' purchases of GTII stock, Management (a) employed an artifice or scheme to defraud; (b) made untrue statements of a material fact and omitted material facts necessary in order to make the statements made not misleading in the light of the

Page 19 of 28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

circumstances under which they are made; and (c) engaged in an act, practice or course of business which operates or would operate as a fraud or deceit upon a person.

83.     NRS 90.580 provides that a person shall not (a) effect a transaction in a security which involves no change in the beneficial ownership of the security for the purpose of creating a false or misleading appearance of active trading in a security or with respect to the market for the security; (b) employ any other deceptive or fraudulent device, scheme or artifice to manipulate the market in a security; or (c) put off, circulate or publish any false or misleading writing, statement or intelligence regarding a security that is publicly traded.

84.     In connection with Plaintiffs' purchase of GTII stock, Management: (a) effected a transaction in a security which involved no change in the beneficial ownership of the security for the purpose of creating a false or misleading appearance of active trading in a security or with respect to the market for the security; (b) employed other deceptive or fraudulent devices, schemes or artifices to manipulate the market in a security; and (c) put off, circulated and/or published false or misleading writings, statements and/or intelligences regarding a security that is publicly traded.

85.     Management made materially false representations and omissions regarding, among other things, their past and existing: insider transactions; beneficial ownership; compensation; director independence; stock ownership; related-party transactions; business goals; business strategies; financials; and compliance.

86.     At the time of making these representations, Management knew their representations were false and misleading, or they lacked sufficient basis of information to make the representations.  Management intended to induce Plaintiffs, among others, to act in reliance on their representations, and Plaintiffs have justifiably relied upon Management's representations.

87.     As a direct result of Management's conduct, Plaintiffs and GTII have sustained damages in an amount to be proven at trial but in any event in excess of $15,000.

88.     As a direct and proximate result of the Management's fraud, which are characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

MAC:17683-002  5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

89.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## FIFTH CLAIM FOR RELIEF

### (Equity Dilution / Expropriation)

90.     Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

91.     Management has used their control of the Company to issue excessive shares of GTII stock in exchange for insufficient consideration. Management further exercised their control to expropriate, for their benefit, economic value and voting power from Plaintiffs and the public shareholders.

92.     These transactions were not only the product of Management's actual fraud, but they caused an increase in the percentage of the outstanding shares owned by Management, and a corresponding decrease in the share percentage owned by Plaintiffs and the public (minority) shareholders.

93.     As a direct and proximate result of the Management's equity dilution and/or expropriation, which are characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

94.     As a result of Management's conduct, Plaintiffs and GTII have sustained damages in excess of $15,000, and in an amount to be determined at trial.

95.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action and are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## SIXTH CLAIM FOR RELIEF

### (Accounting)

96.     Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

97.     As detailed herein, a fiduciary relationship exists between Plaintiffs and Management, as well as Management and GTII, which were founded in trust and confidence.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17683-002 5511351_4

98.     An equitable accounting is proper where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.

99.     Management owes a duty to render an accounting to Plaintiffs and GTII relating to their wrongful issuance of stock and diversion of Company funds.

100.    As a result of Management's conduct, Plaintiffs and GTII have sustained damages in excess of $15,000, and in an amount to be determined at trial.

101.    Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action and are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

### SEVENTH CLAIM FOR RELIEF

### (Appointment of Receiver)

102.    Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

103.    GTII is Nevada corporation and Plaintiffs are stockholders of GTII holding more than one-tenth of GTII's issued and outstanding stock. Plaintiffs' ownership requirement has been maintained at all relevant times.

104.    Irreparable injury to GTII is being threatened or being suffered as a result of Management's misconduct and:

      a.      GTII has willfully violated its charter;

      b.      Management has been guilty of fraud or collusion or gross mismanagement in the conduct or control of GTII's affairs;

      c.      The assets of GTII are in danger of waste, sacrifice, or loss; and

      d.      Management has misused GTII's assets.

105.    Each of the current directors of GTII are guilty of such conduct, and are in active breach of duty, and thus, cannot be appointed as receivers or custodians.

106.    Management's operation of GTII's business is being conducted at a great loss and greatly prejudicial to the interest of Plaintiffs and GTII itself.

107.    As a result of Management's conduct, a receiver or receivers or a trustee or trustees or custodian or custodians should be appointed over GTII to protect GTII and Plaintiffs' interests.

Page 22 of 28

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

108.    Plaintiff and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## EIGHTH CLAIM FOR RELIEF

### (Conversion—In the Alternative to Other Claims for Relief)

109.    Plaintiffs repeat and reallege the above paragraphs as though fully stated herein.

110.    Management has committed distinct acts of dominion wrongfully exerted over Plaintiffs' and GTII's property.

111.    Management's acts were and continue to be in denial of, or inconsistent with, Plaintiffs and GTII's title or rights in the property.

112.    As a direct and proximate result of Management's conversion, Plaintiffs and GTII have been damaged in excess of $15,000, in an amount to be proven at trial.

113.    As a direct and proximate result of the willful, wanton, or reckless conversion of such property, Plaintiffs and GTII are entitled to an award of punitive or exemplary damages, in an amount to be proven at trial.

114.    Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and Plaintiffs and GTII are entitled to recover its reasonable costs and attorney's fees incurred under the law and as special damages.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment—In the Alternative to Other Claims for Relief)

115.    Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

116.    Management has received benefits, including, without limitation, assets, and stock of GTII, as set forth above.

117.    Management has appreciated, accepted, and retained those benefits under circumstances such that it would be inequitable for them to retain the benefits without payment for the value thereof.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

118.     As a direct and proximate result of Management's unjust retention of those benefits, Plaintiffs and GTII have been damaged in excess of $15,000, in an amount to be proven at trial.

119.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and Plaintiffs and GTII are entitled to recover its reasonable costs and attorney's fees incurred under the law and as special damages.

## TENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

120.     Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

121.     Management, and each of them, have agreed and intended to accomplish an unlawful objective for the purpose of harming Plaintiffs and GTII.

122.     Management, and each of them, acted in concert in civilly conspiring to commit the above-identified wrongful acts or torts.

123.     As a direct and proximate result of the Management's civil conspiracy, Plaintiffs and GTII have been damaged in excess of $15,000, in an amount to be proven at trial.

124.     As a direct and proximate result of the Management's civil conspiracy, which was characterized by fraud, oppression or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

125.     Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## ELEVENTH CLAIM FOR RELIEF

### (Aiding and Abetting)

126.     Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

127.     Management, and each of them, have substantially assisted and encouraged each other to commit the above-identified wrongful acts or torts against Plaintiffs and GTII.

128.     Management, and each of them, were aware of their respective roles in promoting each above-identified wrongful act or tort.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

129.    As a direct and proximate result of the wrongful acts or torts committed in concert and through substantial assistance and encouragement by Management, Plaintiffs and GTII have been damaged in excess of $15,000, in an amount to be proven at trial.

130.    As a direct and proximate result of Management's aiding and abetting, which was characterized by fraud, oppression, or malice, express or implied, Plaintiffs and GTII are entitled to an award of punitive damages, in an amount to be proven at trial.

131.    Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## TWELFTH CLAIM FOR RELIEF

### (Declaratory Relief)

132.    Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

133.    A justiciable controversy exists between parties as to whether: GTII has willfully violated its charter; GTII's trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of the Company's affairs; GTII's assets are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise; GTII's directors or trustees have been guilty of negligence and are in active breach of duty; and A receiver or receivers or a trustee or trustees or custodian or custodians should be appointed over GTII to protect GTII and Plaintiffs' interests.

134.    Despite their conduct described herein, Management seeks to maintain control of the Company, whereas Plaintiffs and GTII are asserting their rights under NRS Chapter 78 to appoint a receiver to take control of the Company. Thus, a justiciable controversy is ripe for judicial determination.

135.    Since there is no other readily available remedy for GTII and Plaintiffs at this time, Plaintiffs seek, and are entitled to, relief pursuant to NRS 30.010 *et seq*., in the form of a declaration that says: GTII has willfully violated its charter; GTII's trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of the Company's affairs; GTII's assets are in danger of waste, sacrifice or loss through attachment, foreclosure,

MAC:17683-002 5511351_4

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

litigation or otherwise; GTII's directors or trustees have been guilty of negligence and are in active breach of duty; and a receiver or receivers or a trustee or trustees or custodian or custodians should be appointed over GTII to protect GTII and Plaintiffs' interests.

136.    By reason of the foregoing, a judicial declaration is necessary and appropriate at this time and under the circumstances.

137.    Plaintiffs and GTII have been forced to incur attorney's fees and costs to bring this action, and they are entitled to recover their reasonable costs and attorney's fees incurred under the law and as special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

1.      For compensatory, punitive, and/or exemplary damages in excess of $15,000;

2.      For equitable relief, including without limitation:

    a.      Appointment of a receiver or custodian over GTII,

    b.      Equitable accounting of GTII,

    c.      Disgorgement,

    d.      Constructive trust,

    e.      Declaratory relief,

    f.      Temporary restraining order, and

    g.      Preliminary and/or permanent injunction;

3.      For an award of attorney fees and costs of suit;

4.      For an award of attorney fees as special damages;

5.      For an award of prejudgment interest at the highest rate permitted by law until paid in full; and

//

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Exhibit A - Verified Complaint - Page 27

6.      For any further relief as the Court deems to be just and proper.

Dated this 27th day of June 2024.

MARQUIS AURBACH


By ___/s/ Alexander K. Calaway_____
Chad F. Clement, Esq.
Nevada Bar No. 12192
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Plaintiffs*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4

Exhibit A - Verified Complaint - Page 28

## **VERIFICATION OF RICHARD HOFMAN**

Richard Hofman, declares as follows:

1.      I am over eighteen (18) years of age and have sufficient personal knowledge of the facts stated herein to make this declaration and, if called upon to do so, I could and would testify competently thereto.

2.      I am currently a stockholder of GTII, and I have held my interest in GTII at the time of the alleged fiduciary wrongdoing of Management, as well as the underlying the claims alleged.

3.      I am authorized to submit this verification of behalf of GTII, in connection with the derivative claims brought on behalf of the corporation, which are further set forth in this Verified Complaint.

4.      I have retained counsel in connection with this litigation, I have reviewed the facts in this Verified Complaint, and I am familiar with the allegations therein.

5.      With respect to the allegations in the Complaint concerning Management's conduct, I believe those allegations to be true and correct, as they are based upon the filings and public statements made in periodic reports and disclosures filed with the SEC and OTC.

6.      With respect to the allegations in the Verified Complaint concerning parties other than GTII, I believe those allegations to be true and correct.

7.      I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th day of June 2024.


*/s/ Richard Hofman*
Richard Hofman

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:17683-002  5511351_4